### IN THE UNITED STATES BANKRUPTCY COURT FOR
### THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: | CHAPTER 13 CASE NO.: |
| FYNESSE ROBINSON | 23-11079-JDW |

### OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN (DKT. #2)

COMES NOW the Chapter 13 Trustee, Locke D. Barkley (the "Trustee"), by and through counsel, after reviewing the voluntary petition (the "Petition"), Schedules, Statement of Financial Affairs, and conducting the Section 341(a) Meeting of Creditors, and files this Objection to Confirmation of Chapter 13 Plan (the "Objection"), and in support thereof states as follows:

1. The Debtor commenced this proceeding by filing a voluntary petition on April 7, 2023 (the "Petition Date"). The Debtor filed a proposed Chapter 13 Plan (Dkt. #2) (the "Plan") on the Petition Date.

2. The Debtor is below median income, and the proposed term of the Plan is sixty (60) months. Section 5.1 of the Plan does not provide for a distribution to nonpriority unsecured creditors. The liquidation value in Section 5.1 of the Plan is zero ($0).

3. The Plan fails to comply with 11 U.S.C. §§ 1325(a)(1) and §521(e)(2)(A)(i) because the Debtor has failed to provide the Trustee with a copy of the Federal tax return for the 2022 tax year.

4. Section 3.3 of the Plan proposes to pay Wells Fargo Auto in full, plus the *Till* rate of interest, for a 2022 Kia Optima. Section 3.2 of the Plan provides for the payment of $3,200.00 together with the *Till* rate of interest to OneMain for a 2010 Chevrolet Malibu. The Debtor is not married and has no dependents of driving age. As stated above, the Plan does not provide for a distribution to nonpriority unsecured claims. It is not necessary for either an effective reorganization or the maintenance of the Debtor and/or the Debtor's household to keep the 2010

Chevrolet Malibu. Accordingly, the Trustee submits that the Plan has not been filed in good faith as required by §1325(a)(3). The Plan should be amended to either abandon the 2010 Chevrolet Malibu or pay the sum of $3,500.00 to nonpriority unsecured creditors with timely-filed and allowed claims.

5. The Debtor should timely remit all plan payments due under the Plan prior to the hearing, or the case should be dismissed for failure to comply with the proposed Plan.

6. For the reasons set forth herein, the Trustee submits that confirmation of the Plan should be denied, and the case should be dismissed.

WHEREFORE PREMISES CONSIDERED, the Trustee respectfully requests that upon notice and hearing that this Court enter its order sustaining the Objection. The Trustee prays for other such general and specific relief to which the Trustee and this bankruptcy estate may be entitled.

Dated: May 22, 2023.

Respectfully submitted,

**LOCKE D. BARKLEY**
**CHAPTER 13 TRUSTEE**

BY:   /s/ Melanie T. Vardaman
ATTORNEYS FOR TRUSTEE
W. Jeffrey Collier (MSB 10645)
Melanie T. Vardaman (MSB 100392)
6360 I-55 North, Suite 140
Jackson, MS 39211
(601) 355-6661
mvardaman@barkley13.com

## **CERTIFICATE OF SERVICE**

      I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I hereby certify that I either mailed by United States Postal Service, first-class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

      Dated: May 22, 2023.

                                      /s/ Melanie T. Vardaman
                                      MELANIE T. VARDAMAN